IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR49 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ARTURO CURT JOHNSON and | ) | |
| WENDY SUE BUCKHALTER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion of defendant Arturo Curt Johnson (Johnson) to sever (Filing No. 41) and the motion of defendant Wendy Sue Buckhalter (Buckhalter) to join in Johnson's motion to sever (Filing No. 43). Johnson and Buckhalter are charged in an Indictment along with co-defendant Mark Erwin Campbell (Campbell) with a conspiracy to distribute and possess with intent to distribute in excess of 5 kilograms of cocaine (Count I) in violation of 21 U.S.C. § 846. Campbell is also charged in Count II with the possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Johnson and Buckhalter are also charged in a criminal forfeiture count (Count III) relating to $1,400 seized on February 6, 2005, in violation of 21 U.S.C. § 853. Johnson and Buckhalter seek severance of their trial from that of Campbell.

An evidentiary hearing was held on June 3, 2005, in connection with a motion to dismiss the Indictment. The court received into evidence a grand jury transcript (Exhibit 1), a letter from Campbell (Exhibit 101), a copy of a driver's license (Exhibit 102), and copies of letters to Mark Weber (Exhibits 103 and 104). The court also heard the testimony of Kristin Blair and Roseanne Marie Williams. A transcript of the hearing was filed on June 10, 2005 (TR. - Filing No. 49).

Rule 14 of the Federal Rules of Criminal Procedure provides in part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials

of counts, sever the defendants' trials, or provide any other relief that justice requires.

In ***Zafiro v. United States***, 506 U.S. 534 (1993), the Supreme Court stated:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. [Citation omitted.] Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. **See *Bruton v. United States***, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed.2d 476 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. **See, e.g., *Tifford v. Wainwright***, 588 F.2d 954 (5th Cir. 1979) (per curiam). The risk of prejudice will vary with the facts in each case . . . . When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as we indicated in ***Richardson v. Marsh***, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. **See** 481 U.S. at 211, 107 S. Ct. at 1709.

***Zafiro,*** 506 U.S. at 539. **See also *United States v. Pou***, 953 F.2d 363, 368 (8th Cir. 1992), **cert. denied**, 504 U.S. 926 (1992).

In this case, Campbell has apparently provided a recantation of the involvement of Johnson and Buckhalter in Campbell's drug trafficking business. Such evidence would be highly exculpatory and be less likely to be available to Johnson and Buckhalter at a joint trial. Accordingly, the court finds Johnson and Buckhalter would be prejudiced by being tried jointly with Campbell, and their trial will be severed from that of Campbell.

**IT IS ORDERED:**

Johnson's motion to sever (Filing No. 41) as joined in by Buckhalter (Filing No. 43) is granted.

## ADMONITION

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such appeal. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 11th day of August, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge