IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR49 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ARTURO CURT JOHNSON and | ) | |
| WENDY SUE BUCKHALTER, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court are defendants Arturo Curt Johnson's and Wendy Sue Buckhalter's objections, Filing Nos. 66 and 71, to the report and recommendation ("R&R") of the magistrate, Filing No. 62. The grand jury indicted the defendants with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 in Count I, and with forfeiture in violation of 21 U.S.C. § 853 in Count III. Defendants moved to dismiss the indictment against them. Filing Nos. 38 and 43. The magistrate judge recommended that the defendants' motion be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed of the entire record including the transcript of the hearing held on August 8, 2004, Filing No. 49 ("Tr."), and the Grand Jury Transcript, Ex 1, Filing No. 49, ("Gr. J. Tr."). The court generally accepts the facts set out in the R&R and they need not be repeated here, except to the extent necessary to this court's findings.

Officers conducted a traffic stop of a vehicle driven by defendant Mark Campbell in Seward, Nebraska, on or about February 5, 2005. Following a canine search, the officers discovered two packages of cocaine. Campbell told the officers that he had in the past and

was currently making the trip for Johnson. Law enforcement then persuaded Campbell to call Johnson, tell him the car had broken down, and ask for assistance. Johnson had several conversations about the car with officers posing as a tow truck driver and as a mechanic. On February 6, 2005, Johnson arrived as a passenger in a car driven by Buckhalter. After talking about the car with the officer posing as a mechanic, the officer told Johnson that there were odd packages found in the car. Gr. J. Tr. 10. Johnson told the officer that the packages belonged to Campbell who had a drug problem. *Id.* The officer asked Johnson to cut him in, and Johnson said he better check with his female companion. *Id.* The officers then arrested both Johnson and Buckhalter. Thereafter, on February 24, 2005, the jury returned the indictment against Johnson, Buckhalter, and Campbell.

On April 12, 2005, a person identifying himself as Mark Campbell walked into Michael Bianchi's law office. Bianchi represents defendant Johnson in this case. Campbell indicated to the receptionist and to a secretary that he wanted to see Bianchi to give him a letter recanting testimony that he had given to the officers that had been used in grand jury testimony by the officer about Johnson. Ex. 101. Johnson and Buckhalter ask this court to dismiss the indictment, as it is based on false information given by Campbell to the grand jury. *See United States v. Moore*, 184 F.3d 790, 794 (8th Cir. 1999) (mistakes in grand jury testimony must be material to consider dismissal of indictment). The court in *Moore* also stated "misstatements or mistakes alone do not justify the dismissal of an otherwise valid charge," particularly where there is other competent evidence. *Moore*, 184 F.3d at 794.

The magistrate conducted a hearing in this case. He concluded that the officer considered the evidence submitted to the grand jury to be truthful at the time it was given, and that there existed no evidence of wrongdoing on the part of law enforcement or the government. The magistrate further found that there existed corroborating evidence in that Johnson talked by phone to the law enforcement officers about his car and about picking up his car. The magistrate found the indictment to be sufficient. The magistrate distinguished the *Moore* case based on these factual differences.

The court agrees with the magistrate's conclusion that this "recantation" is a matter of credibility and best left for jury determination, and it is not a sufficient basis for pretrial dismissal. *See, e.g., United States v. Strouse*, 286 F.3d 767, 775-76 (5th Cir. 2002). Accordingly, the motion to dismiss will be denied at this time.

SO ORDERED.

DATED this 11th day of October, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge